UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN C. JOHNS,

    Plaintiff,

v.                                         CAUSE NO. 3:21-CV-157 DRL-MGG

WILLIAM HYATTE *et al.*,

    Defendants.

## OPINION AND ORDER

Stephen C. Johns, a prisoner without a lawyer, filed a complaint. ECF 20. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Johns alleges he was raped in prison on October 29, 2019. He seeks to hold Warden William Hyatte accountable for not preventing the attack and DII investigator Johnson accountable for not preventing it and for not properly investigating afterwards. However, the complaint as written cannot proceed. It does not contain enough information to determine whether either defendant had sufficient forewarning of the attack to be held accountable for failing to protect him.

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). "[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. Therefore, a failure to protect claim cannot be based "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). "[T]he fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

Here, Mr. Johns says he "made many attempts forewarning defendant Hyatte through psychiatrist, investigators and grievance forms" and that "Defendant Johnson in his individual and official capacity was made aware of plaintiffs Johns being in danger." ECF 20 at 2-3. But he does not specify the content of these notices nor when he sent them, or why these forms would substantiate that forewarning. Without more information, it is not plausible to infer that they had actual knowledge of an impending harm. *See Klebanowski v. Sheahan*, 540 F.3d 633 (7th Cir. 2008).

Additionally, any claim based on a failure to investigate the attack cannot proceed. While prisons have a duty to protect inmates in their care, the Constitution does not require officials to investigate or otherwise correct wrongdoing once it ends. *See Daniel v.*

*Cook Cnty.*, 833 F.3d 728, 736 (7th Cir. 2016) (no constitutional right to a grievance process); *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) ("alleged mishandling of [prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim"); *cf. Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) ("We note at the outset that Rossi does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction."). Similarly, any allegations based solely on a failure to follow prison policy and procedure do not state a claim. A violation of prison policy does not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019).

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Johns may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Stephen C. Johns until **November 10, 2021**, to file an amended complaint; and

(2) CAUTIONS Stephen C. Johns if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 12, 2021    <u>*s/ Damon R. Leichty*</u>
                      Judge, United States District Court