UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN C. JOHNS,

    Plaintiff,

v.                                 CAUSE NO. 3:21-CV-157-DRL-MGG

WILLIAM HYATTE *et al.*,

    Defendants.

OPINION AND ORDER

Stephen C. Johns, a prisoner without a lawyer, filed an amended complaint alleging he was raped by a fellow inmate on October 29, 2019. ECF 20. In it, he sued Warden William Hyatte and DII Investigator Johnson for not preventing the attack, but did not allege sufficient facts to show either individual had actual knowledge of an impending harm they could have prevented. He was granted leave to file another "amended complaint if he believe[d] he c[ould] state a claim based on (and consistent with) the events described in th[at] complaint[.]" ECF 23 at 3. He also sued DII Investigator Johnson for not properly investigating the attack, but that claim was dismissed because there is no constitutional right to an investigation. *See Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015).

In response, Mr. Johns filed another amended complaint. ECF 25. In it, he provides no information about when or how Warden William Hyatte had actual knowledge of an impending attack on October 29, 2019. The new amended complaint does not state a claim against Warden William Hyatte in relation to that attack. The new amended complaint

makes this allegation about DII Investigator Johnson in relation to that attack: "10/29/19 I was in PC I had informed DII Johnson I had a hit on me days before I was attacked and sexually assaulted by 2 men never got any response to these requests either." ECF 25 at 3. This allegation does not state a claim against DII Johnson because liability only attaches if "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Here, Mr. Johns alleges he was in protective custody on October 29, 2019. As such, he has not plausibly alleged DII Johnson consciously refused to prevent an impending harm.

The new amended complaint also names ten other defendants and attempts to include claims based on events that arose up to eighteen months later. These claims are outside the scope of the events described in his prior complaint and the scope of the order granting Mr. Johns leave to amend. Mr. Johns was granted leave to amend only so he could provide additional facts to cure the deficiencies with his prior complaint – not so he could add new claims not previously included. Although the new claims also concern attacks allegedly related to the rapist, a failure to protect him from later attacks is unrelated to the original attack because each situation involves a different set of circumstances. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (prior attack combined with fear of future attack and desire to move to different housing unit were insufficient to demonstrate deliberate indifference). These new claims, outside the scope of his prior complaint, will not be considered or adjudicated in this case. If he wants to pursue them, he must file another lawsuit.

2

The claims within the scope of his prior complaint have been adjudicated. They do not state a claim. Mr. Johns was given the opportunity to correct the deficiencies with his prior complaint as required by *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). He has not done so. This case will now be dismissed.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because the claims in the new amended complaint (ECF 25) that were within the scope of the prior amended complaint (ECF 20) do not state a claim for which relief can be granted.

SO ORDERED.

December 17, 2021                                         *s/ Damon R. Leichty*
                                                          Judge, United States District Court